# UNITED STATES DISTRICT COURT

OTO **NORTHERN** ~~MIDDLE~~ **DISTRICT OF FLORIDA**

**GAINESVILLE DIVISION**

1-26-cv-21
AW/MAF

OJO OLAMINA,

Plaintiff,

v.

WALMART INC.,

Defendant.

Case No.: _____

---

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Ojo Olamina ("Plaintiff"), proceeding pro se, brings this action against Defendant Walmart Inc. ("Walmart" or "Defendant") and alleges as follows:

---

FILED USDC FLND GV
JAN 20 '26 AM11:28

KM

# I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including Title VII of the Civil Rights Act of 1964, as amended.
2. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as they arise out of the same nucleus of operative facts.
3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this District and Plaintiff was employed here.

# II. PARTIES

4. Plaintiff Ojo Olamina is a resident of Gainesville, Florida.
5. Defendant Walmart Inc. is a foreign corporation authorized to do business in Florida and operates distribution centers and commercial transportation facilities in this District.

# III. ADMINISTRATIVE EXHAUSTION (EEOC)

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").
7. The EEOC issued Plaintiff a Notice of Right to Sue, which Plaintiff received within ninety (90) days prior to filing this action.
8. Plaintiff has exhausted all administrative prerequisites to bringing this lawsuit.

# IV. FACTUAL ALLEGATIONS

9. Plaintiff was employed by Walmart as a Commercial Driver, assigned to Distribution Centers 7835 and 7035.
10. Plaintiff's duties included transporting freight, operating commercial vehicles, and completing assigned delivery routes.
11. Plaintiff reported to supervisory personnel, including his direct supervisor, Bill Ratter, and other driver managers.
12. Walmart maintained written employment policies distinguishing misconduct from gross misconduct, reserving gross misconduct for intentional acts such as time theft, dishonesty, falsification of records, or misappropriation of company assets.
13. Walmart also maintained a progressive discipline system for correctable or non-intentional conduct.
14. On or about August 2025, Plaintiff was summoned to an in-person meeting with his supervisor and a Human Resources representative.

15. At that meeting, Plaintiff was informed that his employment was terminated for "gross misconduct."

16. The stated reason was alleged inaccuracies in Plaintiff's reported pay input.

17. Walmart did not provide Plaintiff with any written explanation, investigative findings, audit records, dates, or examples of alleged inaccuracies.

18. Plaintiff was not given an opportunity to review or respond to any final investigative conclusions prior to termination.

19. Plaintiff relied exclusively on Walmart's company-issued tracking and route documentation system, which automatically records route details and stops.

20. Plaintiff used this system to calculate and submit his time and pay input.

21. Plaintiff was never trained, warned, or instructed that this reporting method was improper.

22. Plaintiff was never directed to use an alternative reporting method.

23. Plaintiff did not falsify records, fabricate time, alter data, or intentionally claim pay for time not worked.

24. Prior to termination, Plaintiff had no warnings, write-ups, or coaching related to pay reporting, dishonesty, or misconduct.

25. No corrective action, retraining, or progressive discipline was applied before termination.

26. Walmart classified Plaintiff's separation as "gross misconduct," rendering him ineligible for rehire.

27. This classification implies dishonesty, lack of integrity, and intentional wrongdoing.

28. The classification was recorded and published within Walmart's internal systems and has harmed Plaintiff's reputation and future employment prospects.

29. Plaintiff has suffered financial loss, emotional distress, and reputational damage as a result.

# COUNT I – DISCRIMINATION AND/OR RETALIATION

(Title VII of the Civil Rights Act of 1964)

30. Plaintiff realleges paragraphs 1–29.

31. Plaintiff belongs to a protected class under Title VII.

32. Plaintiff was qualified for his position and performed his job satisfactorily.

33. Plaintiff was terminated under circumstances giving rise to an inference of discrimination and/or retaliation.

34. Walmart treated Plaintiff more harshly than similarly situated employees who were not in Plaintiff's protected class.

35. Walmart's stated reason for termination was pretextual.

36. Walmart violated Title VII.

# COUNT II – WRONGFUL TERMINATION

(Violation of Company Policy – Supplemental Jurisdiction)

37. Plaintiff realleges paragraphs 1–29.
38. Walmart's policies limit gross misconduct to intentional acts.
39. Plaintiff engaged in no intentional misconduct.
40. Walmart bypassed its progressive discipline policy.
41. Walmart violated its own policies in terminating Plaintiff.
42. Plaintiff suffered damages as a result.

# COUNT III – DEFAMATION / FALSE LIGHT

(Supplemental Jurisdiction)

43. Plaintiff realleges paragraphs 1–29.
44. Walmart labeled Plaintiff's termination as "gross misconduct."
45. This statement was false and misleading.
46. The statement implies dishonesty and unethical conduct.
47. Walmart knew or should have known the statement was false.
48. The statement was published internally and foreseeably communicated to third parties.
49. Plaintiff suffered reputational and economic harm.

# COUNT IV – NEGLIGENT MISREPRESENTATION

(Supplemental Jurisdiction)

50. Plaintiff realleges paragraphs 1–29.
51. Walmart represented that Plaintiff committed gross misconduct.
52. Walmart lacked a reasonable factual basis for that representation.
53. Plaintiff suffered damages as a result.

## DAMAGES

54. Plaintiff has suffered:

- Lost wages and benefits
- Loss of future earning capacity
- Reputational harm
- Emotional distress
- Out-of-pocket expenses

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor

B. Award compensatory damages

C. Order correction of Plaintiff's employment records

D. Remove any "gross misconduct" designation

E. Award costs and attorney's fees where permitted

F. Grant such other relief as the Court deems just

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Ojo Olamina

Plaintiff, Pro Se

Gainesville, Florida

[Phone] 352.363.4156
[Email] OJO OLAMINA1@Gmail.Com

ADDRESS

OJO T. OLAMINA
3921 SE 14th Terrace
Gainesville, FL. 32641

¢

4307 NE 70th place
Gainesville, FL 32609
c/o Iwasumina Olamina