# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**OJO OLAMINA,**

    **Plaintiff,**

**vs.**                              **Case No. 1:26cv21-MW-MAF**

**WALMART, INC.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated an employment discrimination action in this Court. However, because the case initiating documents were insufficient as filed, Plaintiff was provided an opportunity to file an amended in forma pauperis motion and an amended complaint.[1] ECF No. 9. Plaintiff was directed to do so by February 23, 2026, and warned that if he did not comply, a recommendation would be entered to dismiss this case. *Id.* As of this date, Plaintiff has not complied. It would appear that Plaintiff has abandoned this litigation.

---

[1] In particular, Plaintiff's original complaint was not properly signed as required by Federal Rule of Civil Procedure 11 or Local Rule 5.1(E).

In entering this recommendation, it should be noted that Plaintiff did not include the required "signature block" on either the in forma pauperis motion, ECF No. 4, or the "motion to preserve evidence," ECF No. 3. The complaint listed two different addresses - one on 14th Terrace and the other on 70th Place in Gainesville. ECF No. 1 at 6. The 70th Place address shows "c/o Iwasumina Olamina." *Id.* The prior Order advised Plaintiff that only one address could be used in this litigation, and directed the Clerk to entered Plaintiff's address on the docket using the first address listed in the complaint - the 14th Terrace address. ECF No. 9. If that was not the address where Plaintiff resides or is able to consistently receive mail, Plaintiff was directed to "immediately alert the Court." *Id.* Notably, the docket does not include a mail return which suggests Plaintiff did not receive any of the prior Orders entered in this case.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent

Case No. 1:26cv21-MW-MAF

power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with Rule 11.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was forewarned, but did not respond to the prior Order.  Because Plaintiff has failed to prosecute this case by not paying the filing fee or filing an amended in forma pauperis motion, and also failed to file a complaint with his original signature as required by Rule 11, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order, and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 26, 2026.


 S/      Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**